UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| SANDRA BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:23-CV-00092-DCLC-JEM |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sandra Bird ("Mrs. Bird") sued the United States of America (the "Government") under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680, for negligence after she slipped in a puddle of water on the floor of a restroom at the Sugarlands Visitor Center, injuring her ankle [Doc. 1, ¶¶ 11–13, 25]. The Government now moves for summary judgment, arguing that it is entitled to judgment as a matter of law on its affirmative defense under Tennessee's Recreational Use statute, Tenn. Code Ann. § 70-7-101, *et seq.*, which limits liability of landowners for injuries that occur to those engaged in recreational activities [Doc. 23]. The motion is fully briefed, and this matter is ripe. For the reasons stated below, the Government's motion [Doc. 23] is **GRANTED**.

I.  **BACKGROUND**

On July 20, 2021, Mrs. Sandra Bird and her husband, Mr. Thomas Bird, Ohio residents, were headed to Pigeon Forge, Tennessee in the Great Smoky Mountains for an afternoon of "sightseeing" [Doc. 24-1, pgs. 21, 22; Doc. 24-2, pg. 10]. On the way to Pigeon Forge, they entered the Great Smoky Mountains National Park, and stopped at the Sugarlands Visitor Center ("SVC"). The SVC is just outside Gatlinburg, Tennessee and is situated near the entrance of the

1

park's north district [Doc. 24-3, pg. 6]. It sports a museum, a bookstore and gift shop along with a staffed information desk. [Doc. 24-3, pg. 6]. It has public restrooms [Doc. 24-3, pg. 11]. The park employees also have their offices in the SVC [Doc. 24-3, pg. 7].

According to Mr. Bird, they stopped at the SVC because they wanted "just to look at [the] visitor center[]" which he and Mrs. Bird tend to "do … a lot" when they travel [Doc. 24-2, pg. 11]. Mrs. Bird, however, testified that she needed to stop because she needed to use the restroom [Doc. 24-1, pg. 23]. She acknowledged, however, that she and Mr. Bird "usually visit the visitor center. So [she] was going to go to the end of the visitor center next…." [Doc. 24-1, pg. 23]. She entered the restroom and "head[ed] for the handicapped room in the back…" but fell "in a puddle of water" before she made it, injuring her left ankle. [Doc. 24-1, pg. 27]. This suit followed.

## II. LEGAL STANDARD

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In ruling on a motion for summary judgment, the Court must generally view the facts contained in the record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "come forward with significant probative evidence showing that a genuine issue exists for trial." *McKinley v. Bowlen*, 8 F. App'x 488, 491 (6th Cir. 2001). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the nonmoving party based on the record. *Id*.

## III. ANALYSIS

The Government argues it is entitled to summary judgment on Mrs. Bird's claim because Tennessee's Recreational Use statute shields it from liability [Doc. 24, pg. 5]. The Tennessee Recreational Use statute limits the liability of landowners to encourage them to open their lands for recreational uses. *Cagle v. United States*, 937 F.2d 1073, 1075 (6th Cir. 1991). The statute provides as follows:

> The landowner . . . or any person in control of land or premises owes no duty of care to keep such land or premises safe for entry or use by others for such recreational activities as . . . sightseeing . . . nor shall such landowner be required to give any warning of hazardous conditions, uses of, structures, or activities on such land or premises to any person entering on such land or premises for such purposes, except as provided in § 70-7-104.

Tenn. Code Ann. § 70-7-102(a). For this statute to apply, the Government must first show that it is a "landowner" under the statute. *See Morgan v. State*, No. M2002-02496-COA-R3CV, 2004 WL 170352, at *5 (Tenn. Ct. App. Jan. 27, 2004). That is not in dispute [Doc. 8, *Answer*, ¶ 8]. Next it must show that the "activity alleged is a recreational activity as defined by the statute." *Parent v. State*, 991 S.W.2d 240, 243 (Tenn. 1999). If the Government succeeds in that regard, the burden shifts to Mrs. Bird to show that a statutory exception applies. *Morgan*, 2004 WL 170352, at *4; *see Parent*, 991 S.W.2d at 243 (engaging in "[a]n analysis of whether the *plaintiff* has established the presence of a Tenn. Code Ann. § 70–7–104 exception" (emphasis added)).

A.     **Recreational Activity**

The issue in this case is whether Mrs. Bird was engaged in the recreational activity of "sightseeing" when she was injured. Tenn. Code Ann. § 70-7-102(a). The Government contends because Mrs. Bird intended to visit the SVC after using the restroom she was engaging in "sightseeing" [Doc. 24, pgs. 7–8]. Mrs. Bird counters that she was not sightseeing because she was injured while in the restroom [Doc. 25, pgs. 6–7]. She also argues that the fact that she was also going to visit the SVC after using the restroom would not constitute "sightseeing" under the

3

Recreational Use statute.

Sightseeing, by definition, is "the activity of visiting . . . interesting places of an area." *Sightseeing*, *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/sightseeing (last visited April 29, 2024). The statute "applie[s] the moment a visitor enters the property for a recreational purpose, even if the visitor has not yet begun the recreational activity." *Mathews v. State*, No. W2005-01042-COA-R3-CV, 2005 WL 3479318, at *4 (Tenn. Ct. App. Dec. 19, 2005). In *Matthews,* the plaintiff tripped over an irregularity in a sidewalk when she was on her way to attend "Archeofest, an annual event featuring Native American exhibits, educational programs, arts, and crafts." 2005 WL 3479318, at *1. The Tennessee Court of Appeals found that the recreational use statute limited the state's liability because the plaintiff had entered the park to attend the "Archeofest, hike, and take a hayride" which it found constituted "hiking, sightseeing, and/or historical studies . . . ." *Id.* at *4 (quotations omitted). The Court found that it did not matter she had not yet made it to the Archeofest when she was injured. She had entered the park with the intention of engaging in recreational activity, and that was sufficient to trigger the Recreational Use statute's limitation of liability.

In *Cagle*, a child visiting a national park on a school field trip was playing on a cannon when the axle of the cannon carriage broke, causing the cannon to fall on and injure the child. 937 F.2d at 1074. Plaintiff argued that the Tennessee Recreational Use statute did not apply because climbing on a cannon was not an enumerated activity. *Id.* at 1075–76. The Sixth Circuit held that although climbing a cannon was not specifically enumerated, the students were at the park for the purposes of "sightseeing" and found the Recreational Use statute applied. *Id.* at 1076.

In *Waterhouse v. Tennessee Valley Authority*, the plaintiffs visited a picnic area maintained by the TVA. 475 F. Supp. 3d 817, 824-25 (E.D. Tenn. 2020), *aff'd*, No. 20-5978, 2021 WL

4

1230371 (6th Cir. Mar. 17, 2021). As the plaintiff walked from the picnic area toward the boat ramp, she fell into a hole covered by grass and fractured her right ankle. The TVA argued the Recreational Use statute immunized it from liability. The district court agreed, finding that plaintiff was engaged in picnicking which constituted a recreational activity under the statute. *Id.* The Sixth Circuit affirmed the district court's ruling and reiterated that Tennessee's recreational use statute applies to the United States, just as it would a private landowner. *Waterhouse,* 2021 WL 1230371 at *3 (citing *Cagle*, 937 F.2d at 1074-76).

In *Costner v. Maryville-Alcoa-Blount Cnty. Parks & Recreation Comm'n*, No. E202100189COAR3CV, 2022 WL 3092906, at *9 (Tenn. Ct. App. Aug. 3, 2022), the Tennessee Court of Appeals found the Recreational Use statute applied when the plaintiff was injured while attending a concert. It held that attending a concert was similar to "sightseeing," one of the recreational activities enumerated in the statute. *Id.*

These cases are instructive in Mrs. Bird's case. She entered the SVC to use the restroom followed by visiting the SVC. That she had not yet toured the SVC when she fell in the restroom is really of no consequence. As the Court in *Matthews* held, one need not have begun a planned recreational activity for the affirmative defense to apply. *See* 2005 WL 3479318, at *4.

Mrs. Bird argues that using the restroom and visiting the SVC cannot constitute recreational activities, citing *Weems v. Omni Hotels Mgmt. Corp.*, 672 F. Supp. 3d 549 (M.D. Tenn. 2023). [Doc. 25, pg. 6]. In *Weems*, the plaintiff tripped over a lounge chair on her way to check out the hot tub at a hotel. 672 F.Supp.3d at 553. The district court concluded that using a hot tub was not analogous to the listed activities of "sightseeing" or "water sports." *Id.* at 555. It reasoned that using a hot tub was not "risky" enough to be a "water sport[ ]." *Id.* And using a hot tub was unlike sightseeing because it did not involve "witnessing something of interest." *Id.* But,

5

unlike the plaintiffs in *Weems*, Mrs. Bird was intending to visit the SVC, to "look at [the ] visitor center[]." [Doc. 24-2, pg. 11]. That falls squarely within the meaning of sightseeing under the statute. Unless a statutory exception applies, the Recreational Use statute would limit the Government's liability in this case.

**B.     Statutory Exceptions**

The burden next shifts to Mrs. Bird who must demonstrate that the record evidence, as it pertains to the recreational use statute, presents a genuine issue of material fact for a jury. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *see Parent*, 991 S.W.2d at 243.

Tenn. Code. Ann. § 70-7-104 removes the protections of the Recreational Use statute for "[g]ross negligence, willful or wanton conduct that results in a failure to guard or warn against a dangerous condition, use, structure or activity . . . ." Tenn. Code Ann. 70-7-104(a)(1). Gross negligence has been defined as "a conscious neglect of duty or a callous indifference to the consequences." *Cook By & Through Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934, 938 (Tenn. 1994) (citation omitted). It is "not characterized by inadvertence" but is instead a "negligent act done with utter unconcern for the safety of others, or one done with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law." *Ruff v. Memphis Light, Gas & Water Div.*, 619 S.W.2d 526, 528 (Tenn. Ct. App. 1981) (quoting *Odum v. Haynes*, 494 S.W.2d 795, 807 (Tenn. Ct. App. 1972)). In cases involving the Tennessee recreational use statute, "[g]ross negligence ... has only been found in the most egregious cases." *McCaig v. Whitmore*, No. W2015-00646-COA-R3-CV, 2016 WL 693154, *6 (Tenn. Ct. App. Feb. 22, 2016).

The Government argues it actively maintained the restrooms and that it warned visitors when floors were wet [Doc. 24, pg. 9]. Mrs. Bird has offered no evidence to contradict any of

6

the Government's assertions that it regularly maintained the restrooms. Because she bears the burden to show the exception applies, and has done nothing to show any record evidence of gross negligence, the Court finds she has failed to carry her burden in this regard. Because the Government has shown the Tennessee Recreational Use statute applies and because Mrs. Bird has failed to show any applicable exception to its application under these facts, the Government is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated herein, the Government's motion [Doc. 23] is **GRANTED**. The Complaint [Doc. 1] is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to close the case.

A separate judgment shall enter.

**SO ORDERED**:

s/ Clifton L. Corker
United States District Judge
